**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 20, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61003
Summary Calendar
_____

UDDIN SIDDIQUI SOHAIL; TEHMINA SOHAIL; HAMZA SOHAIL,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A96 417 618
A96 417 619
A96 417 620
--------------------

Before JOLLY, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Uddin Siddiqui Sohail and Tehmina Sohail, husband and wife

respectively, and their son Hamza Sohail are citizens and natives

of Pakistan and have petitioned this court for review of a BIA

decision denying their request for withholding of removal under

§ 241(b)(3) of the INA.

Although the Government argues that this court lacks

jurisdiction to hear the Sohails' petition, there is no

jurisdicitonal defect because the issues presented by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sohails' petition for review were argued before the BIA and decided by the BIA. See Myron v. Martin, 670 F.2d 49, 51 (5th Cir. 1982). This court reviews the decision of the BIA and does not normally consider the rulings and findings of immigration judges unless they impact the Board's decision. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Our review of the BIA's decision is governed by the substantial evidence standard, which requires that the BIA's decision be affirmed unless the "evidence compels a contrary conclusion." Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996); see also INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992) (applying this standard to review of denial of withholding of removal).

The Sohails argue that the BIA erred in denying their request for withholding of removal because the threats to their lives from Tehmina's brother constituted persecution against them on account of Tehmina's membership in a particular social group -- Muslim women. Regardless of whether the BIA erred by mischaracterizing the Sohails' suffering as "family matters" rather than persecution, any such error would be harmless because substantial evidence supported the finding of the BIA that the Sohails lived in Islamabad for three and a half years without incident, including two years at the same address. Therefore, substantial evidence supports the BIA's decision that the Sohails could relocate safely to a part of Pakistan other than Karachi and that the Sohails are thus ineligible for withholding of

removal. <u>See</u> 8 C.F.R. § 1208.16(b)(1)(i)(B); <u>see also</u> <u>Roy v. Ashcroft</u>, 389 F.3d 132, 138 (5th Cir. 2004).

For the foregoing reasons, the Sohails' petition for review is DENIED.